UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLARK LOGIC, LLC, a Michigan limited liability company, 3700 E. Milham Avenue Portage, Michigan 49002 <br><br> Plaintiff, <br><br> v. <br><br> 185 WEST MAIN FINANCIAL, LLC, an Ohio limited liability company, 6399 Canterbury Way Zanesville, Ohio 43701 <br><br>    also serve: <br>    U-B CORPORATION <br>    1660 West 2nd Street, Suite 1100 <br>    Cleveland, Ohio 44113 <br><br> and <br><br> Brian Coll <br> 6399 Canterbury Way <br> Zanesville, Ohio 43701 <br><br> and <br><br> David B. Niederst <br> 22200 Lake Road <br> Rocky River, Ohio 44116 <br><br>    Defendants. | CASE NO. <br><br> JUDGE <br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

NOW COMES Plaintiff Clark Logic, LLC ("Clark Logic"), and for its Complaint against Defendants 185 West Main Financial, LLC ("185 West Main"), Brian Coll ("Coll"), and David B. Niederst ("Niederst") (collectively "Defendants") alleges and states as follows:

12858187.1

## NATURE OF THE ACTION

1.  This is an action by Clark Logic to recover damages for breach of contract, unjust enrichment, and civil conspiracy against 185 West Main relating to 185 West Main's failure to provide over 80 used semi box trailers pursuant to the terms of Clark Logic's Bill of Sale with 185 West Main. This action also raises individual claims against Coll, the Operating Partner of 185 West Main, and Niederst, one of 185 West Main's members, for fraud and civil conspiracy due to their material misrepresentations regarding this transaction between 185 West Main and Clark Logic, primarily that 185 West Main had 600 trailers to sell to Clark Logic and that Clark Logic would be entitled to monthly rental payments of $90,000 for products that were stored on most of the trailers. Clark Logic's damages exceed $180,000.

## PARTIES

2.  Plaintiff Clark Logic, LLC is a Michigan limited liability company that provides logistic, rental, recycling, and repair services for numerous companies in a wide range of industries within the State of Michigan and neighboring states. Clark Logic's principal place of business is in Michigan. Clark Logic has one member, Charles James Scott Clark, who is a Michigan citizen.

3.  Upon information and belief, Defendant 185 West Main Financial, LLC is a business entity organized in the State of Ohio with its principal place of business in Ohio. Further, upon information and belief, 185 West Main has two members, Coll and Niederst, both of whom are Ohio citizens.

12858187.1

## JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over these claims. This is a civil action involving damages in excess of $75,000, exclusive of costs and interest, among citizens of different states.

5. Under 28 U.S.C. § 1391, venue is proper in this District because Niederst resides within this District and all defendants are residents of Ohio. Venue is also proper in this District because a substantial part of the events or omissions giving rise to Clark Logic's claims occurred within this District.

## FACTS

### Clark Logic agrees to purchase approximately 600 used semi box trailers from 185 West Main

6. In early 2020, Clark Logic and 185 West Main began negotiations for Clark Logic to purchase used semi box trailers from 185 West Main.

7. As part of those negotiations, on April 23, 2020, Coll represented to Clark Logic that each trailer's condition had been evaluated. Coll forwarded a spreadsheet itemizing the condition of each trailer to Clark Logic.

8. In that same email, Coll told Clark Logic's representatives that "a lot" of the trailers still contained inventory and that Clark Logic, as the new owner of the trailers, would be allowed to charge rent for storage of that inventory.

9. In a separate text message, Niederst advised Clark Logic's President, Jamie Clark, that Clark Logic would receive $90,000 per month for one to three months on 450 trailers on which inventory was stored.

10. In reliance on Coll's and Niederst's representations, Clark Logic entered into a Bill of Sale with 185 West Main in May 2020. A true and accurate copy of the Bill

12858187.1

of Sale is attached as Exhibit 1. In the Bill of Sale, 185 West Main agreed to sell approximately 590 to 610 used semi box trailers with titles and 200 to 300 trailers without titles. Clark Logic agreed to pay 185 West Main $1,250 per trailer that had a title and $300 per trailer that did not have a title.

11. On May 15, 2020, Coll advised Clark Logic's President, Jamie Clark, to make a wire payment of $737,500, which represented the total amount owed for 590 trailers that had titles. Coll added in that email to Clark, "The remaining trailers titled and untitled we will reconcile on a case by case basis. I do not want to take any money for those until such time we verify the quantity."

12. On May 20, 2020, Clark Logic wired $737,500.00 to 185 West Main.

**Clark Logic does not receive all of the trailers that it expected to receive, and there are numerous problems with many of the trailers that Clark Logic did receive**

13. After Clark Logic wired funds to 185 West Main, 185 West Main sent Clark Logic the titles for 600 trailers—even though Clark Logic had only paid 185 West Main for 590 trailers.

14. However, to date, Clark Logic has only been able to identify and locate 530 of these trailers.

15. Additionally, out of the 530 trailers Clark Logic has been able to locate, 22 are damaged beyond use. The damage includes caved-in roofs, collapsed floors, rear door frames being ripped off, and missing or hanging off doors.

16. Clark Logic later learned that 185 West Main had previously sold 27 of the trailers to another buyer—even though 185 West Main sent the titles for those trailers to Clark Logic.

17. Defendants also failed to assign to or pay Clark Logic the $90,000 monthly rent payments.

**185 West Main refuses to address these problems or otherwise reimburse Clark Logic for its damages**

18. Clark Logic promptly notified Defendants of the missing and damaged trailers, as well as the missing rent payments.

19. On October 30, 2020, Clark Logic sent an invoice to 185 West Main for $183,792.00. This amount represents Clark Logic's costs related to the missing and damaged trailers, trailers that 185 West Main purportedly sold to another buyer, and the trailer rental payments.

20. As of the filing of this complaint, 185 West Main has not paid this invoice.

21. Moreover, despite numerous emails and phone calls by Clark Logic's representatives, Defendants refuse to acknowledge or otherwise respond to Clark Logic.

22. Given the scope of Defendants' apparent fraud, Clark Logic filed a police report with the Michigan State Police.

**COUNT I**
**(BREACH OF CONTRACT AGAINST 185 WEST MAIN)**

23. Clark Logic incorporates by reference, as if fully rewritten herein, all prior allegations of this Complaint.

24. A valid, enforceable contract exists between Clark Logic and 185 West Main.

25. Clark Logic performed all of its obligations under the Bill of Sale.

26. 185 West Main breached the terms of the Bill of Sale by failing to provide Clark Logic with all of the trailers it purchased; by providing damaged trailers; and by

failing to assign or otherwise make rent payments to Clark Logic on the trailers containing inventory.

27. 185 West Main also breached the implied covenant of good faith and fair dealing contained in the Bill of Sale by failing to provide Clark Logic with all of the trailers it purchased, by providing damaged trailers, and by failing to assign or otherwise make rent payments to Clark Logic on the trailers containing inventory.

28. 185 West Main's contractual breaches are material and substantial.

29. These breaches proximately caused damages to Clark Logic in excess of $75,000.00, plus attorneys' fees and costs.

## COUNT II
## (UNJUST ENRICHMENT AGAINST 185 WEST MAIN)

30. Clark Logic incorporates by reference, as if fully rewritten herein, all prior allegations of this Complaint.

31. Clark Logic conveyed a benefit upon 185 West Main by providing it a payment of $737,500.00.

32. 185 West Main accepted and benefited from Clark Logic's payment.

33. 185 West Main was obligated to provide Clark Logic with no less than 590 trailers in return for its payment. To date, Clark Logic has only received 530 trailers, 22 of which were damaged beyond use.

34. It would be inequitable for 185 West Main to retain the benefits received at the expense of Clark Logic without compensation to Clark Logic, and therefore this Court should order an equitable remedy or award damages to remedy this unjust enrichment.

## COUNT III
## (FRAUD AGAINST COLL AND NIEDERST)

35. Clark Logic incorporates by reference, as if fully rewritten herein, all prior allegations of this Complaint.

36. Coll, as Operating Partner of 185 West Main, represented to Clark Logic that 185 West Main had 600 used semi box trailers with titles to sell to Clark Logic.

37. Niederst, as a member of 185 West Main, told Clark Logic that it would be entitled to rent payments on the inventory stored inside of the purchased trailers at the rate of $90,000.00 per month.

38. Coll's and Niederst's control over 185 West Main regarding this transaction was so complete that 185 West Main had no separate mind, will, or existence of its own.

39. Coll's and Niederst's control over 185 West Main regarding this transaction was exercised to commit fraud against Clark Logic.

40. Clark Logic suffered an unjust loss from Coll's and Niederst's control of, and improper acts committed by using, 185 West Main.

41. Coll's and Niederst's misrepresentations were material to Clark Logic's decision to enter into the Bill of Sale.

42. These misrepresentations were taken with the intent to mislead Clark Logic into signing the Bill of Sale and paying 185 West Main $737,500.00.

43. Clark Logic justifiably relied on Coll's and Niederst's misrepresentations.

44. As a direct and proximate result of Coll's and Niederst's fraud, Clark Logic has incurred damages in excess of $75,000.

12858187.1

45. Coll and Niederst acted with a conscious disregard for Clark Logic's rights and with a great probability of causing Clark Logic substantial harm.

46. In addition to compensatory damages, because Coll and Niederst acted with actual malice, Clark Logic is entitled to recover punitive damages and attorneys' fees from Coll and Niederst.

## COUNT IV
## (CIVIL CONSPIRACY AGAINST ALL DEFENDANTS)

47. Clark Logic incorporates by reference, as if fully rewritten herein, all prior allegations of this Complaint.

48. Upon information and belief, 185 West Main, Coll, and Niederst participated in a malicious combination involving two or more persons, a result of which was the commission of a wrongful or unlawful act that caused damages to other parties.

49. In particular, Coll's and Niederst's company, 185 West Main, purported to have titles to 600 used semi trailers to sell to Clark Logic and that Clark Logic would be entitled to monthly rent payments totaling $90,000 per month.

50. Defendants entered into the Bill of Sale to commit unlawful or wrongful acts, primarily to obtain $737,500 from Clark Logic, even though, upon information and belief, 185 West Main did not have physical possession of all 600 trailers for which it had titles; some of those trailers were damaged beyond use; and 185 West Main actually sold some of the trailers to a third-party, even though it provided the titles to those trailers to Clark Logic.

51. Defendants also conspired to keep these facts from Clark Logic.

52. As a direct and proximate result of the conspiracy committed by Defendants, Clark Logic has incurred damages, including attorneys' fees and costs.

\* \* \*

WHEREFORE, Clark Logic respectfully requests that a judgment be granted in its favor:

A. Awarding Clark Logic damages in excess of $75,000, including compensatory damages, as well as attorneys' fees, prejudgment and postjudgment interest at the statutory rate, punitive damages, costs, expenses, and all other damages against Defendants that the Court deems just and appropriate; and

B. For any other legal or equitable relief to which Clark Logic is entitled and this Court deems appropriate.

## JURY DEMAND

Clark Logic Corporation demands a trial by jury of the maximum number of jurors allowed, on all issues so triable.

Respectfully submitted,

/s/ Royce R. Remington

OF COUNSEL:

HAHN LOESER & PARKS LLP

Royce R. Remington (0040408)
Justin M. Croniser (0079462)
Alayna K. Bridgett (0100297)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Fax: (216) 241-2824
Email: rrr@hahnlaw.com
jcroniser@hahnlaw.com
abridgett@hahnlaw.com

*Attorneys for Plaintiff Clark Logic, LLC*

Dated: July 22, 2021

9

12858187.1