UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CLARK LOGIC, LLC, | : | CASE NO. 21-cv-01411 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 7] |
| v. | : | |
| | : | |
| 185 WEST MAIN FINANCIAL, | : | |
| LLC, et al. | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

This case concerns a semi-truck trailer sale contract. Plaintiff Clark Logic alleges that Defendant 185 West Main breached the sales contract by failing to provide the purchased quantity of trailers, selling some trailers that were damaged beyond use, and selling some trailers previously sold to another party.[1] Plaintiff also alleges fraudulent statements by 185 West Main's operating partner and member during the contract negotiation process.[2]

Now, Defendant 185 West Main and Defendants Coll and Niederst move to dismiss the complaint. To decide this motion to dismiss, this Court determines whether Plaintiff Clark Logic states plausible breach of contract, unjust enrichment, fraud, and civil conspiracy claims.

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

I. Background

While considering Defendants' motion to dismiss, the Court assumes that Plaintiff's

---

[1] Doc. 1 at ¶¶ 13-16.
[2] *Id.* at ¶¶ 7-11.

Case No. 21-cv-01411
GWIN, J.

factual allegations are true.[3]

### a. Count One: Breach of Contract

Plaintiff Clark Logic alleges that Defendant 185 West Main breached a semi box trailer sale contract.[4] In a written and signed Bill of Sale, Plaintiff agreed to purchase 590-610 used trailers with titles and 200-300 used trailers without titles. Defendant 185 West Main sold the trailers.[5] The contract included the sales price: $1,250 per trailer with title and $300 per trailer without title.[6]

After the parties signed the bill of sale, Defendant Coll, the 185 West Main operating partner, emailed the Clark Logic president.[7] Defendant Coll told the Clark Logic president to wire $737,500 for the 590 trailers that had titles.[8]

Plaintiff Clark Logic wired $737,500 to Defendant 185 West Main.[9] Defendant 185 West Main then sent 600 titles to Plaintiff.[10]

Plaintiff Clark Logic alleges that the company has only been able to locate 530 of the 590 purchased trailers.[11] Plaintiff also alleges that 22 of the trailers it has located are "damaged beyond use," with problems including "caved-in roofs, collapsed floors," and missing and damaged door frames and doors."[12]

Plaintiff Clark Logic alleges an additional problem with 185 West Main's performance. After the sale, Clark Logic learned that 185 West Main previously sold 27 of

---

[3] See *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[4] Doc. 1 at ¶ 1.
[5] Doc. 1-1 (Bill of Sale).
[6] *Id.* at 2.
[7] Doc. 1 at ¶ 11.
[8] *Id.*
[9] *Id.* at ¶ 12.
[10] *Id.* at ¶ 13.
[11] *Id.* at ¶ 14.
[12] *Id.* at ¶ 15.

- 2 -

Case No. 21-cv-01411
GWIN, J.

the same trailers to a third party before selling the titles to Clark Logic.[13]

### b. Count Two: Unjust Enrichment

Plaintiff Clark Logic brings an unjust enrichment claim on the same facts alleged for its breach claim.[14]

### c. Count Three: Fraud

Plaintiff Clark Logic also brings a fraud claim against Defendant Coll, the 185 West Main operating partner, and Defendant Niederst, a 185 West Main member.[15] These claims relate to Defendants' alleged statements before the parties signed the Bill of Sale.

Plaintiff alleges that, in a May 15, 2020 email, Defendant Coll represented that Defendant West Main had 590 trailers with titles to sell.[16]

Plaintiff alleges that in a text message, Defendant Niederst told Clark Logic that Clark Logic would receive $90,000 per month for storing inventory in 450 trailers that had not been cleared at the time of sale.[17] Plaintiff alleges that Defendant Niederst said the $90,000 rent would be paid for one to three months. Plaintiff included the text message in an exhibit to its briefing on the current motion, identifying the date as May 11, 2020.[18]

### d. Count Four: Civil Conspiracy

Plaintiff Clark Logic alleges that Defendant 185 West Main and Defendants Coll and Niederst "participated in a malicious combination" resulting in fraud.[19] Plaintiff alleges that Defendants entered into the Bill of Sale while conspiring to keep facts from Plaintiff:

---

[13] *Id.* at ¶ 16.
[14] *Id.* at ¶¶ 30-34.
[15] *Id.* at ¶¶ 35-46.
[16] *Id.* at ¶¶ 11, 36.
[17] *Id.* at ¶¶ 9, 37.
[18] Doc. 7-1.
[19] Doc. 1 at ¶ 48.

- 3 -

Case No. 21-cv-01411
GWIN, J.

(1) that 185 West Main did not have physical possession of all the purchased trailers, (2) that some trailers were too damaged to use, and (3) that some trailers had already been sold to another party.[20]

## II. Legal Standard

Defendant moves to dismiss for failure to state a claim upon which relief can be granted.[21] When ruling on a 12(b)(6) motion, the court considers the facts in the light most favorable to the non-moving party—here, Plaintiff Clark Logic.[22] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] Plaintiff's alleged facts must plausibly support the legal claim.

## III. Discussion

### A. Count One: Breach of Contract

Plaintiff Clark Logic sufficiently pleads breach of contract. Clark Logic alleges that out of the 590 trailers the company purchased, 60 trailers cannot be located.[24] This allegation alone states a plausible claim for breach. The Bill of Sale states that 185 West Main "does hereby sell, convey, assign, transfer, and deliver" the trailers.[25] Plaintiff's allegations about the missing trailer sufficiently allege that 185 West Main breached the contract by failing to deliver the missing trailers.

In the motion to dismiss, Defendants argue that Plaintiff does not state a breach claim because in the Bill of Sale, Plaintiff Clark Logic agreed to accept the trailers "solely in

---

[20] *Id.* at ¶¶ 47-52.
[21] Fed. R. Civ. Pro. 12(b)(6).
[22] *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246 (6th Cir. 2012).
[23] *Id.* at 247 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).
[24] Doc. 1 at ¶¶ 13, 26.
[25] Doc. 1-1 (Bill of Sale).

Case No. 21-cv-01411
GWIN, J.

reliance" on Clark Logic's own inspection, "AS IS, WHERE IS."[26] But this clause does not prevent Plaintiff from bringing a breach of contract claim for the 60 missing trailers.

Defendants also argue that Plaintiff cannot claim breach of contract for the alleged rent payment promise. Defendants argue that the parol evidence rule excludes Plaintiff's email and text message evidence of the rent promise.[27] It is not clear that the parol evidence rule will bar Plaintiff's evidence, given that Plaintiff alleges fraud during contract negotiations.[28] In any case, Plaintiff sufficiently states a breach of contract claim even without the rent payment allegations. The Court need not, therefore, reach the question of the parol evidence rule's effect on Plaintiff's claim at this stage.

### B. Count Two: Unjust Enrichment

Plaintiff's unjust enrichment claim survives the motion to dismiss because Plaintiff alleges that Defendants Coll and Niederst committed fraud.

"Absent bad faith, fraud, or some other illegality, an equitable action for unjust enrichment cannot exist where there is a valid and enforceable written contract."[29] Where a plaintiff alleges fraud, "his claim for the breach of contract does not prevent him from also pleading a claim for unjust enrichment."[30]

Here, Plaintiff alleges fraud, so the breach of contract claim does not prevent the unjust enrichment claim.

### C. Count Three: Fraud

---

[26] The Bill of Sale states: "Buyer represents and warrants to Seller that it has inspected the Purchased Assets and is purchasing the Purchased Assets solely in reliance on such inspection 'AS IS, WHERE IS.'" Doc. 1-1 (Bill of Sale).
[27] Doc. 7-1 at 19-20.
[28] See *Galmish v. Cicchini*, 734 N.E.2d 782, 789 (Ohio 2000) ("[T]he parol evidence rule does not prohibit a party from introducing parol or extrinsic evidence for the purpose of proving fraudulent inducement.").
[29] *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 646 (N.D. Ohio 2012) (quoting *Kwikcolor Sand v. Fairmount Minerals Ltd.,* No. 96717, 2011–Ohio–6646, 2011 WL 6775580, at ¶ 14 (Ohio Ct. App. Dec. 22, 2011)).
[30] *Cristino v. Bur. of Workers' Comp.*, 977 N.E.2d 742, 753 (Ohio Ct. App. 2012).

Case No. 21-cv-01411
GWIN, J.

Plaintiff Clark Logic pleads fraud with sufficient particularity. Plaintiff's factual allegations give Defendants Coll and Niederst adequate notice of the alleged misstatements.

Under Federal Rule of Civil Procedure 9, a plaintiff pleading fraud "must state with particularity the circumstances constituting fraud."[31] To satisfy this rule in the Sixth Circuit, "a plaintiff must (1) 'specify the allegedly fraudulent statements,' (2) 'identify the speaker,' (3) state 'when and where the statements were made,' and (4) 'explain what made the statements fraudulent.'"[32]

Plaintiff meets these fraud pleading requirements. Plaintiff specifies the alleged false statements about available trailers and rent payments.[33] Plaintiff identifies the speakers: Defendants Coll and Niederst.[34] Plaintiff pled that Defendant Coll made an email statement and that Defendant Niederst made a text message statement.[35] Finally, Plaintiff pleads that the statements were fraudulent because (1) the statements were material to Plaintiff's decision to enter the contract; (2) Plaintiff justifiably relied on the statements; (3) Defendants Coll and Niederst had intent to mislead Plaintiff into signing the contract, and (4) Plaintiff suffered damages.[36]

### D. Count Four: Civil Conspiracy

Plaintiff also sufficiently pleads the civil conspiracy claim.

For a civil conspiracy claim, a plaintiff must allege: "(1) a malicious combination; 2)

---

[31] Fed. R. Civ. Pro. 9(b).
[32] *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir.2012)).
[33] Doc. 1 at ¶¶ 7-11.
[34] *Id.* at ¶¶ 7-11, 36-37.
[35] *Id.* at ¶¶ 7-11.
[36] *Id.* at ¶¶ 41-44.

Case No. 21-cv-01411
GWIN, J.

of two or more persons; 3) injury to person or property; and 4) existence of an unlawful act independent from the actual conspiracy."[37]

Plaintiff alleges that Defendant 185 West Main and Defendants Coll and Niederst acted together in a "malicious combination," conspiring to keep facts from Plaintiff, in order to obtain $737,500 from Plaintiff even though Defendants did not have possession of all the purchased trailers, some trailers were damaged beyond use, and some were previously sold.[38] Plaintiff alleges damages as injury to property.[39] As the underlying unlawful act, Plaintiff alleges fraud.

Plaintiff Clark Logic sufficiently alleges civil conspiracy.

IV.  Conclusion

For the reasons stated above, the Court **DENIES** Defendant 185 West Main's motion to dismiss Plaintiff Clark Logic's claims.

IT IS SO ORDERED.

Dated: November 18, 2021            *s/  James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[37] *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 927 (N.D. Ohio 2007) (quoting *Pickle v. Swinehart*, 166 N.E.2d 227, 229 (Ohio 1960)).
[38] Doc. 1 at ¶¶ 48-51.
[39] *Id.* at ¶ 52.